IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FREDERICK HERRON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, et al., ) <br> ) <br> Defendants. ) | No. 2:19-cv-02044-TLP-tmp |

**ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL,
AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Frederick Herron, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, sued pro se under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. (ECF No. 1; ECF No. 2.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 5.) The Clerk is ORDERED to record the Defendants as the State of Tennessee, John Dolan, Patrick Stegall, James Jones, Kevin Balkwill, Detective B. Black, Tacoma A. McCrary, MM,[1] and Keyla Walker.

---

[1] It is clear from Plaintiff's allegations that this Defendant is the minor victim in his state criminal matter. (ECF No. 1-1 at PageID 4.) The Court will therefore refer to this Defendant only by her initials. *See State v. Herron*, 461 S.W.3d 890, 893 & n.2 (Tenn. 2015). The Court Directs the Clerk to modify this Defendant's name on the docket and to place ECF No. 1 and ECF No. 1-1 under seal.

**BACKGROUND**

Plaintiff's complaint contains allegations about his state criminal matter, which began when Defendant Black contacted Plaintiff for questioning in December 2010. (ECF No. 1-1 at PageID 4.) Law enforcement arrested Plaintiff in July 2011 on charges of child rape. (*Id*.) A jury found him guilty after a trial in March 2012. (*Id*.) Plaintiff appealed through the state appellate courts. The Tennessee Supreme Court vacated his conviction and remanded for a new trial in March 2015. (*Id*.) Plaintiff now asserts that he has been waiting in custody since April 2015 for a new trial. (*Id*.) He named many parties as defendants.

Plaintiff wants to sue the victim from his criminal matter—Defendant MM—and MM's sister, Defendant McCrary, who allegedly filed the criminal complaint with the Memphis Police Department that led to the investigation. (*Id*.) Plaintiff objects to evidence presented at trial, some of which he alleges the prosecution withheld from discovery. (*Id*. at PageID 4–5.) Plaintiff also complains about the performance of three of his attorneys—Defendants Dolan, Stegall, and Jones—and seeks to sue Defendant Balkwill, who allegedly investigated ethics complaints Plaintiff filed against his attorneys with the Tennessee Board of Professional Responsibility. (*Id*. at PageID 6–8.)

Plaintiff requests a dismissal of the indictment in his criminal matter, acquittal of all charges, his release from custody, and punitive and compensatory damages. (ECF No. 1 at PageID 3.) Plaintiff has also moved for appointment of counsel. (ECF No. 3.)

**LEGAL STANDARDS**

**I.**     **Screening Requirements Under 28 U.S.C. § 1915A**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from that relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule also of Civil Procedure 8 also provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will give slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v.*

3

*Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

II.     **Requirements to State a Claim Under 42 U.S.C. § 1983**

Plaintiff sued here under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

I.      **Plaintiff Fails to State a Claim Against Defendants Walker, Black, or Balkwill**

Plaintiff's complaint contains no allegations against Defendant Walker. His only allegation related to Defendant Black is that he was a detective who interviewed Plaintiff in 2010. Plaintiff alleges that Defendant Balkwill conducted an ethics investigation against Plaintiff's former attorneys. Plaintiff does not allege any misconduct by these Defendants. When a complaint fails to allege any actionable conduct or omission by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. That is the case here.

II.     **Plaintiff Cannot Sue a State Under § 1983**

Plaintiff also fails to state a valid claim against the State of Tennessee. The Eleventh Amendment of the United States Constitution gives states, like Tennessee, sovereign immunity. It says that "[t]he Judicial power of the United States shall not be construed to

4

extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). What is more, a state is not a person under 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). So this claim fails.

**III.   Plaintiff May Not Sue Private Parties Under § 1983**

Plaintiff seeks to sue Defendants MM, the victim from his criminal matter, and McCrary, sister of MM. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231–32 (6th Cir. 1997). Plaintiff does not allege any basis for holding the actions of these private Defendants attributable to the state. He therefore fails to state a claim against either.

Nor does Plaintiff state a claim against his former attorneys, whether they are public defenders or private attorneys. Though the State pays attorneys employed as public defenders,

5

"public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Powers v. Hamilton Cmty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Courts have uniformly held that private attorneys are not state actors subject to suit under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (appointed private attorney does not act under color of state law); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983."). Plaintiff therefore fails to state a claim against Defendants Dolan, Stegall, or Jones.[2]

## IV.  The Court Cannot Intervene in Plaintiff's Pending State Criminal Proceedings

Plaintiff asks this Court to intervene in his criminal proceeding, dismiss the indictment, and order his acquittal and release. This Court cannot do so. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879–80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive*

---

[2] If Plaintiff seeks to challenge the effectiveness of his attorneys, he must bring that claim in a petition under 28 U.S.C. § 2254 and not in an action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973); *Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000).

*Eng'rs*, 398 U.S. 281, 286 (1970)). Federal courts can issue injunctions against state criminal proceedings only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. Here, Plaintiff does not allege any extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

For all the above reasons, Plaintiff's complaint fails to state a claim for relief and is dismissed.

## **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by

7

amendment comports with due process and does not infringe the right of access to the courts."). For these reasons, this Court holds that leave to amend is not warranted here.

## **APPELLATE ISSUES**

Under 28 U.S.C. § 1915(a)(3), the Court must also consider whether Plaintiff has a good faith basis for an appeal. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that there is no good faith basis to appeal this decision.

This Court CERTIFIES, under 28 U.S.C. § 1915(a)(3), Plaintiff has no good faith basis to appeal here. The Court thus DENIES leave to proceed on appeal in forma pauperis. And so if Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis and file a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in

forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). And leave to amend is DENIED. The Court also CERTIFIES that Plaintiff has no good faith basis for an appeal here. Leave to proceed in forma pauperis on appeal is DENIED.

Because the Court is dismissing Plaintiff's complaint, his request for the appointment of counsel (ECF No. 3) is DENIED.

**SO ORDERED**, this 30th day of August, 2019.

   s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE